1

2

3

4

5

6

# UNITED STATES DISTRICT COURT

7

EASTERN DISTRICT OF CALIFORNIA

8

9   JUNIOR HOLT,                                CASE NO. 1:10-cv-00496-SKO PC

10               Plaintiff,                     ORDER RE MOTIONS

11        v.                                    (Docs. 8, 9, 15)

12   CALIFORNIA DEPARTMENT
     OF CORRECTIONS
13   MEDICAL DEPARTMENT, et al.,

14               Defendants.
                                          /
15

16        Plaintiff Theodore Britton Yates ("Plaintiff") is a state prisoner proceeding pro se and in

17   forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Before the Court are three

18   motions from Plaintiff.

19        On April 28, 2010, Plaintiff filed a motion requesting the Court to appoint a special

20   investigator.  Plaintiff has not cited any statute or law that empowers the Court to appoint a special

21   investigator on Plaintiff's behalf.   The Court is unaware of any authority that permits the

22   appointment of a special investigator, and Plaintiff has not demonstrated that he is entitled to a

23   special investigator.  Accordingly, Plaintiff's motion will be denied.

24        On April 28, 2010, Plaintiff filed a motion requesting the Court to order prison staff at the

25   California Substance Abuse Treatment Facility and State Prison ("CSATF/SP") to "Relinquish

26   Medical File of Plaintiff to the Plaintiff in a Reasonable Time."  Discovery has not yet begun in this

27   case.  When the Court opens discovery, Plaintiff may propound document production requests on

28   the defendants or request a subpoena duces

1

1    tecum that orders a third party to produce the documents sought by Plaintiff.  Accordingly, the Court

2    finds that Plaintiff's motion is premature and will be denied.

3           On August 13, 2010, Plaintiff filed a motion requesting the Court to file the exhibits attached

4    to the motion as evidence in this action.  Plaintiff is advised that the Court will not serve as a

5    repository for the parties' evidence.  Evidence should not be submitted to the court until this action

6    reaches an appropriate stage in litigation for the submission of evidence, such as in response to a

7    motion for summary judgment, at trial, or when specifically requested by the court.  If and when this

8    action reaches an appropriate stage in litigation for the submission of evidence, Plaintiff will not be

9    able to refer to the exhibits attached to his motion as evidence.  Evidence must be submitted at the

10   proper time and under the proper procedures.  Plaintiff is cautioned that improperly sending evidence

11   to the Court may result in the evidence being lost or destroyed.  Additionally, the Court will not

12   return the exhibits to Plaintiff unless Plaintiff provides a postage paid return envelope.  See Local

13   Rule 101.  Accordingly, Plaintiff's motion will be denied.

14          Based on the foregoing, it is HEREBY ORDERED that:

15          1.      Plaintiff's April 28, 2010, motion requesting a court-appointed investigator is

16                  DENIED;

17          2.      Plaintiff's April 28, 2010, motion requesting a court order requiring prison officials

18                  to "Relinquish Medical File of Plaintiff" is DENIED; and

19          3.      Plaintiff's August 13, 2010, motion requesting the Court to file certain exhibits as

20                  evidence is DENIED.

21

22   IT IS SO ORDERED.

23   **Dated:    November 10, 2010**                    **/s/ Sheila K. Oberto**
                                                  UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28