# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNIOR HOLT, | CASE NO. 1:10-cv-00496-SKO PC |
| Plaintiff, | ORDER DISMISSING CERTAIN CLAIMS |
| v. | (Doc. 1) |
| CALIFORNIA DEPARTMENT OF CORRECTIONS MEDICAL DEPARTMENT, et al., | |
| Defendants. | |

Plaintiff Junior Holt ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and was incarcerated at the California Substance Abuse Treatment Facility and State Prison in Corcoran, California at the time of the events described in his complaint. Plaintiff is suing under Section 1983 for the violation of his rights under the Eighth Amendment. Plaintiff names the California Department of Corrections Medical Department, Mr. Peters, Mrs. Fergusen, and Byers as defendants. Plaintiff has consented to jurisdiction by U.S. Magistrate Judge. (Doc. #7.)

For the reasons set forth below, the Court finds that Plaintiff's complaint states some cognizable claims for relief. Plaintiff's non-cognizable claims will be dismissed without leave to amend.

///

///

## I. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II. Background

Plaintiff claims that Defendants made a decision to cease Plaintiff's radiation and chemotherapy treatment for cancer. Plaintiff claims that he is no in danger of certain death. Plaintiff claims the treatment was prescribed by a doctor and that Defendants made the decision to stop the treatment "because of the inconvenience of paperwork to fill out 5 days a week." (Compl. 3, ECF No. 1.)

///

///

### III.    **Discussion**

Plaintiff appears to state a cognizable claim against Defendants Peters, Ferguson, and Byers under Section 1983 for the violation of Plaintiff's rights under the Eighth Amendment.  Plaintiff contends that Peters, Ferguson, and Byers discontinued Plaintiff's cancer treatments because filling out paperwork five days a week was inconvenient.

However, Plaintiff also names the California Department of Corrections Medical Department as a defendant.  Plaintiff's claim is barred under the Eleventh Amendment.  The Eleventh Amendment to the United States Constitution states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.  "The Amendment . . . enacts a sovereign immunity from suit, rather than a nonwaivable limit on the Federal Judiciary's subject-matter jurisdiction." Idaho v. Couer d'Alene Tribe, 521 U.S. 261, 267 (1997).  "The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state.  Though its language might suggest otherwise, the Eleventh Amendment has long been construed to extend to suits brought against a state both by its own citizens, as well as by citizens of other states." Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted).  The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant.  See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Hyland v. Wonder, 117 F.3d 405, 413 (9th Cir.), amended by 127 F.3d 1135 (9th Cir. 1997); see also Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (stating Board of Corrections is agency entitled to immunity); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); cf. Leer v. Murphy, 844 F.2d 628, 631 (9th Cir. 1988) (stating that Eleventh Amendment requires examination of the complaint and relief sought to determine whether the state is the "real party in interest").

The California Department of Corrections is an agency entitled to Eleventh Amendment immunity; any claims against it are barred by the Eleventh Amendment.  The Court finds that Plaintiff's claims against the California Department of Corrections Medical Department are not

3

cognizable and the deficiency cannot be cured by the allegation of any other facts.  See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007) (recognizing longstanding rule that leave to amend should be granted even if no request to amend was made unless the court determines that the pleading could not possibly be cured by the allegation of other facts); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment).

Accordingly, this action will proceed only against Defendants Peters, Ferguson, and Byers, and Plaintiff's claims against the California Department of Corrections Medical Department will be dismissed.

**IV.   Conclusion and Order**

Plaintiff's complaint states cognizable claims against Defendants Peters, Ferguson, and Byers for deliberate indifference toward Plaintiff's serious medical needs in violation of the Eighth Amendment.  Plaintiff's complaint does not state any cognizable claims against the California Department of Corrections Medical Department.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's claims against the California Department of Corrections Medical Department are DISMISSED; and
2. This action shall proceed on Plaintiff's Eighth Amendment claims against Defendants Peters, Ferguson, and Byers.

IT IS SO ORDERED.

**Dated:   November 10, 2010**          /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE