# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNIOR HOLT,<br><br>        Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT<br>OF CORRECTIONS<br>MEDICAL DEPARTMENT, et al.,<br><br>        Defendants. | CASE NO. 1:10-cv-00496-SKO PC<br><br>ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED<br><br>SHOW CAUSE RESPONSE DUE WITHIN THIRTY DAYS |

      Plaintiff Junior Holt ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On November 12, 2010, Plaintiff was ordered to complete and return service documents and copies of his complaint to enable the U.S. Marshal to effect service of process on Plaintiff's behalf. Plaintiff has failed to obey the Court's order and has not otherwise taken any action to litigate this lawsuit. Plaintiff was explicitly warned that failure to comply with the November 12, 2010, order may result in dismissal of this action.

      Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with the local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v.

1 Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order
2 requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)
3 (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of
4 address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to
5 comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for
6 failure to prosecute and failure to comply with local rules).

7      In determining whether to dismiss an action for lack of prosecution, failure to obey a court
8 order, or failure to comply with the Local Rules, the Court must consider several factors: (1) the
9 public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3)
10 the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their
11 merits; and (5) the availability of less drastic alternatives. Ghazali, 46 F.3d at 53; Ferdik, 963 F.2d
12 at 1260-61; Malone, 833 F.2d at 130; Henderson, 779 F.2d at 1423-24; Thompson, 782 F.2d at 831.

13      In this case, the Court finds that the public's interest in expeditiously resolving this litigation
14 and the Court's interest in managing the docket weigh in favor of dismissal. The third factor, risk
15 of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises
16 from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d
17 522, 524 (9th Cir. 1976). The fourth factor, public policy favoring disposition of cases on their
18 merits, is greatly outweighed by the factors in favor of dismissal. Finally, a Court's warning to a
19 party that the failure to obey a Court order will result in dismissal satisfies the "consideration of less
20 drastic alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson,
21 779 F.2d at 1424.

22      Accordingly, Plaintiff is HEREBY ORDERED to SHOW CAUSE within thirty (30) days
23 of the date of service of this order why this action should not be dismissed for Plaintiff's failure to
24 obey a court order.

25      Plaintiff is warned that failure to comply with this order will result in dismissal of this action.
26 IT IS SO ORDERED.

27 **Dated:   January 10, 2011**          **/s/ Sheila K. Oberto**
                                                                 UNITED STATES MAGISTRATE JUDGE
28