# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNIOR HOLT, | CASE NO. 1:10-cv-00496-SKO PC |
| Plaintiff, | ORDER DISMISSING ACTION |
| v. | |
| P.A. PETERS, et al., | |
| Defendants. | |

Plaintiff Junior Holt ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to jurisdiction by U.S. Magistrate Judge. (Doc. #7.)

On November 12, 2010, the Court ordered Plaintiff to complete and return service forms to enable the U.S. Marshal to locate and serve Defendants. (Doc. #19.) Plaintiff was ordered to complete and return the forms with thirty (30) days. Plaintiff was warned that the failure to obey the court order may result in the dismissal of this action. Plaintiff failed to respond to the November 12, 2010, court order.

On January 11, 2011, the Court ordered Plaintiff to show cause why this action should not be dismissed for his failure to obey the November 12, 2010, court order. Plaintiff was ordered to show cause within thirty (30) days. Plaintiff failed to respond to the January 11, 2011, order to show cause.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by

1  statute or Rule or within the inherent power of the Court." District courts have the inherent power
2  to control their dockets and "in the exercise of that power, they may impose sanctions including,
3  where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 829, 831 (9th Cir.
4  1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an
5  action, failure to obey a court order, or failure to comply with the local rules. See, e.g., Ghazali v.
6  Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v.
7  Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order
8  requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)
9  (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of
10 address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to
11 comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for
12 failure to prosecute and failure to comply with local rules).

13       In determining whether to dismiss an action for lack of prosecution, failure to obey a court
14 order, or failure to comply with the Local Rules, the Court must consider several factors: (1) the
15 public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket;
16 (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their
17 merits; and (5) the availability of less drastic alternatives. Ghazali, 46 F.3d at 53; Ferdik, 963 F.2d
18 at 1260-61; Malone, 833 F.2d at 130; Henderson, 779 F.2d at 1423-24; Thompson, 782 F.2d at 831.

19       In this case, the Court finds that the public's interest in expeditiously resolving this litigation
20 and the Court's interest in managing the docket weigh in favor of dismissal. The third factor, risk
21 of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises
22 from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d
23 522, 524 (9th Cir. 1976). The fourth factor, public policy favoring disposition of cases on their
24 merits, is greatly outweighed by the factors in favor of dismissal. Finally, a Court's warning to a
25 party that the failure to obey a Court order will result in dismissal satisfies the "consideration of less
26 drastic alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson,
27 779 F.2d at 1424.
28 ///

Based on the foregoing, it is HEREBY ORDERED that this action is DISMISSED for Plaintiff's failure to obey the Court's November 12, 2010, order.

IT IS SO ORDERED.

**Dated:  March 11, 2011**                              /s/ Sheila K. Oberto
                                                                        UNITED STATES MAGISTRATE JUDGE